UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| RACHEL MACIK, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:14-CV-44 |
| CHASE § | |
| ~~TRANS-UNION, LLC~~ et al., § | |
| § | |
| Defendants. § | |

**JURY CHARGE**

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner,

1

based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Certain parties are no longer involved in this trial. As jurors, it is your duty to consider the issues among the remaining parties.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

### A. Burdens of Proof

Plaintiff Rachel Macik has the burden of proving her case by "a preponderance of the evidence". To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Ms. Macik has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

If Ms. Macik meets her burden of proving her case, Defendant JP Morgan Chase Bank has the burden of proving its defense by "a preponderance of the evidence". Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established. It is evidence so clear, direct, weighty and convincing as to enable you to come to a clear conviction without hesitancy.

### B. No Inference from Filing Suit.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

### C. Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a

2

preponderance of all the evidence, both direct and circumstantial.

**D.     Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific purpose for which it was admitted.

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and

answers have been read to you during the trial. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness has been present and had testified from the witness stand in court.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

### E. Claim under the Fair Credit Reporting Act

As a furnisher of information, the FCRA places certain duties on Chase. First, the Fair Credit Reporting Act requires that after a furnisher receives notice from one of the credit reporting agencies of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher of that information must conduct an investigation with respect to the disputed information.

An investigation under this section must be "reasonable." Reasonableness of the investigation is to be determined by an objective standard. The central inquiry is whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the notice of dispute from the consumer reporting agency. The burden of showing that an investigation was unreasonable is on the consumer, Ms. Macik in this matter.

Second, the FCRA requires furnishers to correct incomplete or inaccurate information in the possession of a credit reporting agency by (1) modifying that item of information; (2) deleting that item of information; or (3) permanently blocking the reporting of that item of information.

Credit information from a furnisher may be "inaccurate" within the meaning of the statute either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. To establish a violation of the FCRA, the plaintiff must show that the inaccuracy resulted from a negligent or willful failure to use reasonable procedures when the report was prepared.

A person acts negligently if the person fails to do something that a reasonably prudent person would do, or does something that a reasonably prudent person would not do, under the circumstances that existed.

Willful means that a person intentionally performed an act that violates the FCRA, and it did so either with knowledge that its act violated the FCRA, or in reckless disregard of

the FCRA. "Reckless disregard" means an "action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" A person need not act with malice or an evil motive in order to act willfully.

### F. Claim for Defamation

The elements of defamation are: (1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages.

Defamatory" means an ordinary person would interpret the statement in a way that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach the person's honesty, integrity, virtue or reputation. In deciding whether a statement is defamatory, you must construe the statement as a whole and in light of the surrounding circumstances based upon how a person of ordinary intelligence would perceive it.

A private individual like Ms. Macik must prove the publication was negligent—that a person in the exercise of ordinary care should have known the statement was false and had the potential to be defamatory. "Ordinary care" concerning the truth of the statement and its potential to be defamatory means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

A statement is "substantially true" if it varies from the literal truth in only minor details or if, in the mind of the average person, the gist of it is no more damage to the person affected by it than a literally true statement would have been.

### G. Consider Damages Only If Necessary

If you find that Ms. Macik has proved her claim against Chase by a preponderance of the evidence, and if you find that Chase's affirmative defense does not apply, you must determine the damages to which Ms. Macik is entitled. You should not interpret the fact that I am giving instructions about damages as an indication in any way that I believe that Ms. Macik should, or should not, win this case. It is your task to decide whether Chase is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Chase is liable and that Ms. Macik is entitled to recover money from Chase.

### H. Damages

Ms. Macik must prove her damages by a preponderance of the evidence. If you find that Chase is liable to Ms. Macik, then you must determine an amount that is fair compensation for all of Ms. Macik's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Ms. Macik whole—that is, to compensate Ms. Macik for the damage she has suffered. Compensatory damages are not limited to expenses that Ms. Macik may have incurred because of her injury.

You may award compensatory damages only for injuries that Ms. Macik proves were caused by Chase's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Ms. Macik's damages, no more and no less. Actual damages are not allowed as a punishment and cannot be imposed or increased to penalize Chase. You should not award compensatory damages for speculative injuries, but only for those injuries that Ms. Macik has actually suffered or that Ms. Macik is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Ms. Macik prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence.

Under the FCRA, a party may be awarded actual damages, if any, for economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, humiliation and emotional distress. Plaintiff need not prove that she was denied credit in order to recover her actual damages.

For a claim for defamation, a plaintiff may recover compensatory damage for injury to reputation and mental anguish.

In order to recover damages, plaintiff must show that Chase's failure to comply with the FCRA was a substantial factor in causing her damages. Plaintiff need not prove that Chase's failure to comply was the sole cause of her damages.

If you find that Chase is liable for Ms. Macik's injuries, you must award Ms. Macik the compensatory damages that she has proved. You may, in addition, award punitive damages if you find that Chase acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another. Ms. Macik has the burden of proving that punitive damages should be awarded by a clear and convincing evidence.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Ms. Macik has been made whole by compensatory damages, so punitive damages should be awarded only if Chase's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in finding the proper amount:

1. the reprehensibility of Chase's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether Chase's conduct was motivated by a desire to augment profit;

2. the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened;

3. the possible criminal and civil sanctions for comparable conduct.

You may consider the financial resources of Chase in fixing the amount of punitive damages.

### I. Duty to Deliberate; Notes

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

     **SIGNED** at Galveston, Texas on June \_\_\_\_\_, 2016.

 

                                            _____
                                            GEORGE C. HANKS, JR.
                                            UNITED STATES DISTRICT JUDGE

## QUESTION NUMBER 1

Do you find that Ms. Macik has proven by a preponderance of the evidence that Chase negligently failed to comply with one or more of its duties under the Fair Credit Reporting Act (FCRA)?

Answer "Yes" or "No": __YES__

*Answer Question Two only if you answered "Yes" to Question One.*

## QUESTION NUMBER 2

If you answered "Yes" to Question One, you may decide to award compensatory damages to Ms. Macik. What is the amount of actual damages that were caused by Chase's failure to comply with the FCRA?

Answer in dollars and cents, if any.

Answer: $90,000.00

In order to recover damages, plaintiff must show that Chase's failure to comply with the Fair Credit Reporting Act was a substantial factor in causing her damages. Plaintiff need not prove that Chase's failure to comply was the sole cause of her damages.

## QUESTION NUMBER 3

Do you find that Ms. Macik has proven by a preponderance of the evidence that Chase willfully failed to comply with one or more of its duties under the FCRA?

Answer "Yes" or "No": __YES__

*Answer Question Four only if you answered "Yes" to Question Three.*

## QUESTION NUMBER 4

If you answered "Yes" to Question Three, you may decide to award punitive damages against Chase. What is the amount of punitive damages that you award for Chase's willful failure to comply with the FCRA?

Answer in dollars and cents, if any.

Answer: $100,000.00

## QUESTION NUMBER 5

Do you find that Ms. Macik has proven by a preponderance of the evidence that the credit reporting submitted by Chase to the credit reporting agencies was defamatory concerning Ms. Macik?

Answer "Yes" or "No": __YES__

*Answer Question Six only if you answered "Yes" to Question Five.*

## QUESTION NUMBER 6

Do you find Ms. Macik has proven by clear and convincing evidence that at the time Chase submitted the credit reporting regarding Ms. Macik to the credit reporting agencies

      a. Chase knew the reporting was false as it related to Rachel Macik, or
      b. Chase made the reporting with reckless disregard--a high degree of awareness that the reporting was probably false, to an extent that Chase in fact had serious doubts as to the truth of the reporting?

Answer "Yes" or "No": _____ NO _____

## QUESTION NUMBER 7

Do you find that Chase has proven by a preponderance of the evidence that the credit reporting it submitted to the credit reporting bureaus regarding Ms. Macik was substantially true at the time it was submitted?

Answer "Yes" or "No": _____No_____

*Answer Question Eight only if you answered "Yes" to Question Five.*

## QUESTION NUMBER 8

If you answer "Yes" to Questions Five, you may decide to award compensatory damages to Ms. Macik. What do you find from a preponderance of the evidence to be the amount of money, if any, if paid now in cash, that would fairly and reasonably compensate Ms. Macik for her actual damages, if any, that resulted from Chase's conduct at issue in Questions Seven through Eight?

Answer in dollars and cents, if any.

Answer: $90,000.00

In order to recover damages, plaintiff must show that Chase's alleged defamation was the proximate cause of her damages. "Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

*Answer Question Nine only if you answered "Yes" to Question Eight.*

## QUESTION NUMBER 9

What sum of money, if any, if paid now in cash, should be assessed against Chase Bank as punitive damages for its conduct at issue in Question Six through Eight?

Answer in dollars and cents, if any.

Answer: $100,000.00

When you have answered these questions, please sign and date the Verdict Form and notify the court room deputy.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RACHEL MACIK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. CHASE | § | CIVIL ACTION NO. 3:14-CV-44 |
| ~~TRANS UNION, LLC~~, et al, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**VERDICT**

We, the jury, return the foregoing as our unanimous verdict.

June 15, 2016
Date                                    Foreperson